United States District Court
Southern District of Texas
FILED

NOV 2 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARNULFO ARAMBULA | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | B-01-183 |
| IGNACIO CEPEDA TOVAR, | § | |
| INDUSTRIAL DE LIBRE COMERCIO | § | |
| and DANIEL ARAMBULA | § | |

# PLAINTIFF'S AND DEFENDANT'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **ARNULFO ARAMBULA, Plaintiff** and **DANIEL ARAMBULA, Defendant and Cross-Claimant**, and file this their **PLAINTIFF'S AND DEFENDANT'S MOTION TO REMAND**, and would respectfully show unto the Court as follows:

## SUMMARY OF ARGUMENT

This case presents a text book example of defects, both substantively and procedurally, which preclude the exercise of jurisdiction of this Court. Complete diversity does not exist, and Defendant cannot rewrite Plaintiff's petition or the procedural context of the case. Defendant did not even claim fraudulent joinder. The amount in controversy is less than $75,000. Defendant was tardy in removing the case. Not all Defendants consented to removal. And Defendant has waived any right of removal. Consequently, remand to state court is clearly required.

## UNDERLYING FACTS

On or about May 8, 2000, Defendant Daniel Arambula[1] was driving a used vehicle which was owned by Plaintiff. Unfortunately, Defendant Daniel was involved in an automobile accident with a vehicle driven by Defendant Tovar (who at the time was is the course and scope of his employment with Defendant Industrial De Libre Comercio).

Plaintiff did not know who was responsible for the accident. Thus, he sued Defendant Daniel (a Texas citizen), Defendant Tovar, and Defendant Industrial De Libre Comercio (both citizens of the Republic of Mexico). In order to avoid costs, Defendant Daniel's counsel agreed to accept service, and filed an answer on October 10, 2000.

At the same time Plaintiff filed his Original Petition, he requested service on Defendants Tovar and Industrial De Libre Comercio, pursuant to Tex. R. Civ. P. 106. When several months past without the certified mail green card being returned, Plaintiff requested amended service by serving the insurance company. The trial court granted such motion.

Believing that Defendants Tovar and Industrial De Libre Comercio were responsible for the incident, Defendant Daniel filed a cross claim on July 11, 2001, seeking contribution and indemnity. He also sought to recover for his own

---

[1] Generally hereinafter referred to as "Defendant Daniel".

2

injuries. Learning from Plaintiff's problems with service, Defendant Daniel also sought alternative service.

The Zapata County District Clerk's Office sent out notice to the insurance company. Such notice was received on August 7, 2001. Defendant Tovar filed an answer and special appearance on August 27, 2001. It also sought discovery at this time. However, it was not until October 24, 2001, some two months later, that Defendant Tovar sought to remove this case.[2] Furthermore, such removal was without the consent of Defendant Daniel.

Accordingly, within thirty (30) days of such removal, Plaintiff and Defendant have sought to remand this case to state court.

## FEDERAL JURISDICTION CONSTRUED IN FAVOR OF REMAND

Contrary to Defendants, federal courts are courts of limited jurisdiction, and the authority to remove an action from state to federal court is solely conferred by statute. Martin v. Hunter's Lessee, 14 U.S. (1 Wheat) 304, 4 L.Ed. 97 (1816). Congressional policy is to limit the removal jurisdiction of the federal courts. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed.2d 702 (1951). Accordingly, the removal statute is strictly construed against removal jurisdiction, with all doubts being resolved in favor of remand. Frank v.

---

[2] Interestingly, this case should have been removed to the federal court in Laredo. For some reason, it was removed to this Court.

3

Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997); Walker v. American Tel. & Tel., 684 F.Supp. 475, 478 (S.D. Tex. 1988); Hedges v. Legal Services Corp., 663 F.Supp. 300, 301 (N.D. Cal. 1987); Glucksman v. Columbia Broadcasting Co., 219 F.Supp. 767, 768 (S.D. Cal. 1963). Furthermore, as one district court has noted:

> The reason for strict construction is to prevent waste of judicial resources, i.e., if it turns out that there is no "federal question" or "diversity", the Federal Court's judgment would have to be set aside on appeal. Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction.

Wuerl v. International Life Science Church, 758 F.Supp. 1084, 1086 (W.D.Pa. 1991).

Consequently, a federal court must be sure of its jurisdiction before embarking on a safari in search of the merits. B, Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). In making this determination, "The party seeking removal, and not the party moving to remand, has the burden of establishing that the court has jurisdiction." American Inmate Phone Systems v. U. S. Communications Co., L.P., 787 F.Supp. 852, 854 (N.D. Ill. 1992); accord, Village Fair Shopping Co. v. Sam Broadhead Trust, 588 F.2d 431 (5th Cir. 1978). These principles dictate that this cause be remanded to state court.

## REMOVAL IMPROPER BECAUSE ALL DEFENDANTS DID NOT CONSENT

It is well settled that before a case can be removed to federal court, all

defendants must consent to the removal. 28 U.S.C. §1446. If any particular defendant fails to join in the removal to federal court, the case be remanded to state court. Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994).

In the case at bar, not only did Defendant Daniel fail to join in such removal, such Defendant is actively seeking remand by filing this motion. He does not desire to pursue his defenses in federal court, believing that state court presents a better forum and more convenient. Furthermore, Defendant Tovar has completely failed to explain to this Court why Defendant Daniel's consent is lacking before this Court. Accordingly, this case must be remanded to state court. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999).

## BY ANY STANDARD OR STARTING POINT REMOVAL IS UNTIMELY

The deadline to file a notice of removal is thirty (30) days after service of process or the filing of other documents which renders the case removable. 28 U.S.C. §1446(b). If a defendant fails to file a notice of removal within thirty (30) days, then the case must be remanded. T. H., Inc. v. 6218 Investors, 41 F.3d 235, 237 (5th Cir. 1995).

When multiple defendants are sued, the first defendant served must remove the case the case within thirty (30) days of service, with all other defendants joining within such time. Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1263 (5th Cir. 1988). If the first defendant served fails to

5

remove the case within thirty (30) days, then subsequently served defendants cannot remove the case. Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986).

In the case at bar, pursuant to the agreement of counsel, Defendant Daniel was not formally served. However, his counsel was tendered a copy of the petition, which he answered on October 10, 2000. (Such answer waives any complaints with lack or improper service under Texas law. Tex. R. Civ. P. 121.) Accordingly, Daniel had thirty (30) days from the date of his answer to file a notice of removal. Unsurprisingly, he failed to do so because he did not desire to litigate in federal court. However, such refusal renders Defendant Tovar's removal untimely. Getty Oil Corp. v. Insurance Company of North America, supra; Brown v. Demco, Inc., supra; Mitchell v. Kentucky-American Water Co., 178 F.R.D. 140, 142 (E.D.Ky. 1997).

Even if Defendant Daniel is ignored, Defendant Tovar is still untimely in filing his notice of removal. Defendant was served on August 3, 2001 with Defendant's Cross-Claim and Plaintiff's Petition. Any notice of removal was due on September 3, 2001. Accordingly, he failed to remove this case timely. T. H., Inc. v. 6218 Investors, supra.

## LACK OF COMPLETE DIVERSITY
## PREVENTS THE EXERCISE OF JURISDICTION

In order for this Court to exercise jurisdiction, complete diversity must exist,

6

i.e. the plaintiffs and all the defendants must be from different states. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998).

In the case at bar, such complete diversity is lacking. Plaintiff is a citizen of the State of Texas. Defendant Daniel is a citizen of the State of Texas, while Defendant Tovar is a citizen of the Republic of Mexico. Accordingly, complete diversity does not exist, mandating remand. Strawbridge v. Curtiss, supra; New York Life Ins. Co. v. Deshotel, supra.

Traditionally, removing defendants claim that the in state defendant was fraudulently joined. However, the burden is on the party claiming such joinder both to adequately plead, Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962), cert. denied, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964), and prove, Hart v. Bayer Corp., 199 F.3d 239, 245 (5th Cir. 1999), any such allegations. Delgado v. Shell Oil Co., 231 F.3d 165, 178 (5th Cir. 2000), cert. denied, ___ U.S. ___, 121 S.Ct. 1603, 149 L.Ed.2d 470 (2001). In the case at bar, fraudulent joinder has not been plead, and it certainly has not been proved (because no affidavits have been attached). Accordingly, any such allegations are without merit.

Rather, to justify this Court's jurisdiction, Defendant Tovar has repled the

case. Defendant Tovar ignores that Daniel is named a party defendant in Plaintiff's Original Petition, and filed an answer. Rather, Defendant Tovar merely reclassifies Defendant Daniel as a plaintiff, and claims that removal is proper due to complete diversity. However, defendants are not permitted to rewrite a plaintiff's pleadings. Federal Deposit Insurance Corp. v. Elefant, 790 F.2d 661, 667 (7th Cir. 1986). Accordingly, Defendant's claims are without merit.

## THIS COURT DOES NOT POSSESS JURISDICTION BECAUSE THE AMOUNT IN CONTROVERSY IS NOT IN EXCESS OF $75,000

As this Court knows, the requisite amount in controversy before a federal district court can exercise diversity jurisdiction is $75,000. In determining whether this prerequisite has been met, a defendant's notice of removal is not entitle to much, if any, credence. Marcel v. Pool Co., 5 F.3d 81, 84 (5th Cir. 1993). Rather, the amount stated in the plaintiff's pleading generally controls. In the case at bar, Plaintiff pled that he was seeking to recover no less than $75,000.[3] Accordingly, this Court is without jurisdiction of this matter.

Defendant Tovar is apparently seeking to aggregate the claims of Plaintiff and Defendant Daniel. However, even if a lawsuit arises out of the same or similar transactions and occurrences, claims cannot be aggregated to create the requisite amount in controversy. Ard v. Transcontinental Gas Pipeline Corp., 138

F.3d 599, 600 (5th Cir. 1998); <u>Asociacioon Nacional De Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia, S.A.</u>, 988 F.2d 559, 565 (5th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). Thus, this case is not removable, and must be removable to federal court.

## DEFENDANT HAS WAIVED ANY RIGHT TO REMOVE TO FEDERAL COURT

Finally, it is well settled that a party may waive his right to remove by actively litigating in state court. <u>Jacko v. Thorn Americas, Inc.</u>, 121 F.Supp.2d 574, 576 (E.D. Tex. 2000). Furthermore, rightly or wrongly, the Fifth Circuit has ruled that conducting discovery in state court constitutes a waiver of the right to remove to federal court. <u>Brown v. Demco, Inc.</u>, <u>supra</u>.

In the case at bar, Defendant Tovar filed a special appearance in this matter, seeking to have this case dismissed for defects in service. Furthermore, he also sought extensive discovery from Plaintiff and from Defendant Daniel. Such conduct clearly constitutes an intent to litigate in state court, and thus waives any right of removal. <u>Brown v. Demco, Inc.</u>, <u>supra</u>; <u>Jacko v. Thorn Americas, Inc.</u>, <u>supra</u>.

## CONCLUSION

Regardless of what Defendant Tovar might wish, this Court remains a court of limited jurisdiction. All doubts must be resolved against the exercise of

9

jurisdiction by this Court. Accordingly, no doubt can exist that this case belongs in state court. All defendants did not join in the removal. The removal is untimely. Complete diversity is lacking. The minimum amount to remove is lacking. And Defendant Tovar waived whatever right he had to remove. Accordingly, this case should be summarily remanded back to state court.

WHEREFORE, PREMISES CONSIDERED, **ARNULFO ARAMBULA**, **Plaintiff** and **DANIEL ARAMBULA**, **Defendant** and **Cross-Claimant**, respectfully pray that this matter be remanded to state court, and for all other and further relief, either at law or in equity, which **Plaintiff** and **Defendant** show themselves justly entitled.

Respectfully submitted,

**KEITH C. LIVESAY**
**LIVESAY LAW OFFICE**
1122 Pecan
McAllen, Texas  78501
(956) 664-9288
By: _____
Keith C. Livesay
SBN: 12437100
**ATTORNEY FOR PLAINTIFF**

**GONZÁLEZ & ASSOCIATES**
Summit Park North
817 E. Esperanza Ave.
McAllen, Texas  78501
(956) 664-0100 Office
(956) 664-1529 Fax

By: _____
Jaime A. González, Jr.
State Bar No. 08127600
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

This is to certify that Opposing Counsel in this matter, William L. Hubbard, has not been contacted for a resolution of this motion. By the very nature of the motion, it is disputed, and resolution by this Court will be necessary.

_____
Jaime A. González, Jr.

## CERTIFICATE OF SERVICE

This is to certify that on the ____19th____ day of November, 2001, a true and correct copy of the foregoing document was forwarded via fax transmission to all counsel of record, as follows:

> Mr. William L. Hubbard
> HODGE, JAMES & HERNANDEZ
> 134 East Van Buren, Suite 310
> Harlingen, Texas 78551

_____
Jamie A. González, Jr.

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARNULFO ARAMBULA | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | B-01-183 |
| IGNACIO CEPEDA TOVAR, | § | |
| INDUSTRIAL DE LIBRE COMERCIO | § | |
| and DANIEL ARAMBULA | § | |

## ORDER GRANTING PLAINTIFF'S AND DEFENDANT'S MOTION TO REMAND

Came on to be considered Plaintiff's and Defendant's Motion to Remand, and the Court, having considered the motion, any response thereto, along with the evidence presented, and the arguments and authorities of counsel, finds that the motion is well taken; and accordingly,

**GRANTS** Plaintiff's and Defendant's Motion to Remand; and

**REMANDS** this matter to the 49th District Court of Zapata County, Texas.

Signed and Entered on this the _____ day of _____, 2001.

_____
**JUDGE PRESIDING**

cc: Keith C. Livesay, 1122 Pecan, McAllen, Texas 78501
Jaime A. Gonzalez, Jr., 817 E. Esperanza Ave., McAllen, Texas 78501
William L. Hubbard, 134 East Van Buren, Suite 310, Harlingen, Texas 78551

| | | |
|---|---|---|
| **McAllen Office**<br>Summit Park North<br>817 E. Esperanza Ave.<br>McAllen, Texas 78501<br>(956) 664-0100<br>(956) 664-1529 Fax | *González & Associates*<br>**LAW FIRM, P.C.** | **Zapata Office**<br>González Plaza<br>P.O. Drawer 1069<br>705 Hidalgo Blvd<br>Zapata, Texas, 78076<br>(956) 765-4433 |

ATTORNEYS AND COUNSELORS AT LAW

November 19, 2001

UNITED STATES DISTRICT COURT  
600 E. Harrison, Suite 101  
Brownsville, Texas 78520

**FEDERAL EXPRESS**  
**PRIORITY OVERNIGHT**

Attn: Filings

*RE:  Cause No. 4827-A; Arnulfo Arambula v. Daniel Arambula, Ignacio Cepeda-Tovar and Industrial de Libre Comercio; 49th Judicial District, Zapata County, Texas; Our File No. 1650*

Dear Sirs:

Enclosed herein, for filing, please find **Plaintiff and Defendant's Motion to Remand and an Order for same.** Please then stamp-file the original and return the extra, stamp-filed copy to our offices in the return envelope which we have provided.

By copy of same, all pertinent counsel have been notified.

Thank you for your prompt help and cooperation in this matter. Should you have any questions, please feel free to contact our office.

Respectfully,

GONZÁLEZ & ASSOCIATES  
LAW FIRM, P.C.

By: _____  
Jaime A. González, Jr.

cc:  William L. Hubbard          FAX: 956-425-7400

\mdr